First case is People v. Single Story House. We have Mr. Canahan, the appellant, and Mr. Hertz for the appellee. Mr. Canahan, Mr. Hertz. Mr. Canahan, you may proceed. May it please the court. My name is Sharon Shanahan and I represent the people of the state of Illinois. This case deals with the forfeiture of real property under the Cannabis Forfeiture Act. In order to affirm the trial court's dismissal, this court must find that a provision of the Cannabis Forfeiture Act, which has existed for two decades, was completely meaningless. Now when we read any kind of a brief, any kind of a case that deals with statutory interpretation, there usually are, and are in this case, paragraphs of maxims about statutory interpretation. And I know often my eyes tend to kind of glaze over as I go over those. Yeah, I know that, I know that. But in this particular case, a few of the most common ones are extremely important. One being an interpretation of a statute that renders any part of the statute superfluous must be avoided. Another says that the legislative intent is determined by examining the entire statute and by construing each maternal part or section of the legislation together and not each section alone. Yet another says the entire section and act must be read together and so construed as to make it harmonious and consistent in all its parts. Finally, it says that the statute should be construed, if possible, so that no term is rendered superfluous or meaningless. Now for 20 years, the statute in question has included the following language. When any real property returned to the seizing agency is sold by the agency or its unit of government, the proceeds of the sale shall be delivered to the director and distributed, and then it tells you how, pursuant to subsection G's. During that 20 years, has any Illinois case interpreted the statute in the way you're asking us to? No published decision has drawn it. However, given this language and given these basic tools of statutory interpretation, it is nonsensical to agree to, excuse me, to argue that this legislature intended to exclude real property from forfeiture under the act. Isn't that what they said in the legislative wording? Senator Dunn, Representative Malauulu, they use the words for the first time. You can't forfeit real estate under the Cannabis Act. Well, first of all, as noted in the state's reply brief, you never even get to what a legislature may have said during comments on the floor unless the language of the statute is not clear. So since this real property language has always been in there, since the Supreme Court has concluded that things of value includes real property, then we don't even need to get to legislative history in order to interpret the statute. Second of all, the views of one senator can't trump unambiguous statutory text. We had two. We had two. We had one who's not even the most recent one. He's not even the sponsor of this bill. We don't even know what he knows about this. Susan, I don't remember Susan's last name, but the sponsor of the bill, I did cite her in my brief, was the sponsor of the bill. And Mr. Malauulu was just the person who stood up that day. We don't even know if he was even on the committee. And I think that it's pretty clear that bills don't spend months and sometimes years going through process and have their intent decided by one legislator's statement on one day. What did the state mean when they said they were proceeding under the old law? What did that mean? Well, certainly that meant that they were at that point that the state felt like it had no option but to concede under the old law because at that point in time the trial court had said that the old version would apply. So if you go to trial and you're told you're going under the old version, don't you have to stay with what you say? Well, it was the trial court's decision, not the state's decision, is my point, is that when the trial court says we're going under the old version, then you go under the old version. So there's no prejudice and no prohibition to raise that issue at this time? I wouldn't say any. Now, so I think that's important. Okay, wait a minute. Didn't the state's attorney at the trial court say we are proceeding under the? He was asked after this. I mean, you said it was the court. Yes. But it was the state that said we are proceeding under the old. But that was after the trial court had at a prior point in time said that they would be applying. So you think the state was just reminding the trial court of what he'd already determined or? I believe, but I'm not positive about this, that we were dealing with a different judge at that point in time. Okay. Moreover, and, I mean, there's no point in going, unless you want me to, to go into this in detail, but waiver limits me, limits my opposing counsel, it doesn't limit this court. And given the fact that this is purely a case of statutory interpretation, and I think especially since the scope of this court's decision will be very, very narrow, and in fact it very well will, may only affect these two people. This statute was amended four years ago. So because of the rather odd procedural history of this case, including, I must point out, three prior decisions that things of value did mean, did mean real property. Not under this statute, though. Right. Yes, under the 2008 version of the statute. As I say, this case started in 2007. And there were several, they're noted in my statement of facts, but there are several prior motions to dismiss this case based on exactly this issue. Oh, okay, you're not talking about appellate court decisions. Oh, no, I'm sorry. I'm sorry. I'm sorry. I'm not clear. I'm clear. No. Okay. No, I was unclear about that. Trial courts. Okay. This came up as a motion to dismiss one, two, three times, I believe. I mean, this is, your issue is a case of first impression on this statute, right? It is, as far as I'm. And it may only apply to these, this case. Very well. In fact, like I said, because we have a complaint, we have in 2007 a motion to dismiss, in 2008 an amended complaint, and later in 2008 a motion to strike, in 2009 a motion for leave to file an inoculatory appeal in 2009. Then it comes back. There's another complaint. There's another motion to strike and dismiss. It just kept going. So, because, for those reasons, not, and I don't even remotely mean to intimate that that was the fault of anybody. Everybody was, all of the parties were working hard to resolve this case. It just took a long time to get up before this court. So, but nonetheless, it has been four years since this statute was amended. So, it is, I, one of my personal things is that I never say case of first impression until I, until and unless I've absolutely convinced myself that there is not any case anywhere, any time that deals with this. As I say, there was a Rule 23 order that dealt with this issue, but other than that, I know of no other case. So, I think one of the things that I think makes it especially reasonable that things of property should include real property in this statute is that, again, another one of those maxims of statutory interpretation is that the intent of the legislator can be derived from the necessity and reason for the law, the evils to be remedied, and the goal to be met. Now, I'll get to it in a minute, but counsel for the plaintiffs here, excuse me, so this statute is just like the Controlled Substances Act, and I would disagree with that. But I think one of the things that makes an interpretation of this particular statute to include real property is that cannabis is grown in the ground. It takes real property to grow it. And in this case, even that's what the defendants were doing with their property, was drying cannabis on their property. I would note that our Supreme Court has said that the term, the phrase anything of value, I'm quoting here, the phrase anything of value is unambiguous. Clearly, the definition of property includes not only tangible personal property, but also other things of value, such as real estate. That's versus Perry, and although that was applying a particular statute, that language in Perry has been used in other Illinois Supreme Court decisions, including one that deals with the tax statute, which, again, interpreted things of value to include real property. It's a footnote, and counsel for the defendants seems to say, well, all they were doing was counting or quoting Perry, and so it doesn't really matter. But I would disagree with that interpretation of Exelon Corporation versus Department of Revenue. And I also would note that the term things of value can be and has been for some time used to describe real property. So I think a reasonable argument that comes from that is, well, then what about this language that they did add to the statute? What about the new version of it, which does specifically talk about real property? I would argue to this court that that language is a language of limitation, rather than a language which added forfeiture of real property. Now, forfeiture of real property is allowed in cannabis cases only for very serious charges, such as the one, as this one here. It is only under the Cannabis Act, as it is currently written, forfeiture of real property is allowed only if the amount of cannabis exceeds 2,000 grams. I think one of the things that the trial court aired in here is that he said that the term thing could be construed to mean anything, basically, is what he said. But that's not what the statute says. The statute doesn't say thing. It does not say thing in the broadest sense. It does not. Under the trial court's interpretation, nothing could be interpreted as thing, since anything could be interpreted as thing. So the glaring flaw in the trial court's analysis is that the statute doesn't say thing. It says things of value which are used or intended for the use in a felony violation of this act. So it's not just, if I were to be growing marijuana on my farm, then certainly my house in town does not fall under this, because it's not intended for the use in a felony violation of this act. Now, we have to assume that in choosing the language, things of value, that the legislature did not intend an absurdity. Now, the defendant's response to the state argument rests primarily on two erroneous conclusions. One is this idea that the Cannabis Control Act and the Controlled Substances Act are somehow like one statute. And they're using all of that language of expresso unia. You know what I mean. I did not take that. This is not one statute. This is two statutes. People v. Taylor, which was issued shortly after the Cannabis Control Act went into effect, says, and here I'm quoting, the passage of the Cannabis Control Act was in response to scientific, educational, and medical pressure to excise marijuana, its control, and punishment from the drugs controlled and regulated by the Controlled Substances Act. These are not the same statute. The fact that they may be considered at the same time, the fact that they both deal with, in the broadest sense, drugs, does not mean that if you make a change to one statute and you don't make a change to the other statute, that all of those theories of interpretation of statutes apply to both of them. If the legislature believed that the Cannabis Control Act, that hand-in-glove with the Controlled Substances Act, then these two acts simply would not have existed separately for four decades. Significant differences have existed between these statutes for decades. And it's just very important that we need to consider these as two separate acts. Even if it could have retroactive effect, when you go to trial and you say we're proceeding under the old act and we're not proceeding under the new act, isn't waiver involved for the state also? You can't state waive, saying we're not going after the real estate, because the statute in effect at the time did not apply to real estate. So can't waiver apply. This Court can't find the question of whether the new version applied to the old version. Yes, you can apply waiver. But the argument that I've been making to this Court right now, which is the things of value means real property, all of that argument is focused towards the argument that even if you apply the old version, then things of value still can mean real property, because things of value and the section that I began this argument with, that specifically says once you've forfeited real property, here's what you're going to do with the money that you get from it. Once you've sold the real property and you now have money, here's what you're going to do with it. How did that language get into the statute if real property could not be forfeited under the old version of the statute? When there's two defendants pled guilty, though, about three months before this, Yes. What did they think about at that time? Did they think about their lands going at that time? Did they think about it? Well, the forfeiture proceedings and the criminal proceedings are separate proceedings. One's civil and one's criminal. I know that. And so I guess I'm, again, if we are dealing with the old version, which has been the primary focus of my argument here today, that even if you apply the old version, then there is no logical interpretation of the statute other than the fact that things of value can include real property. And the reason for that is in the old version of the statute, we have this language which says, when any real property returned to the seizing agency is sold by the agency or its unit of government, the proceeds of the sale shall be delivered to the director and distributed under subsection G. That language, which says real property, has existed in the statute since 1991. So if you're going to sell real property and distribute the proceeds, under the same statute, it's one statute, the same statute has the language that says things of value. And knew that when they pled guilty? The fact that they pled guilty doesn't really have anything to do with the forfeiture of their property. They knew it was gone. Pardon me? They knew it. You're saying you're concerned that they knew that the land was gone? No. I think that, now here I'm, I think I'm going beyond the scope of the issue raised in the court and in the briefs, but I believe that you can file forfeiture proceedings at any stage in the proceedings, and even if, I believe this case is, even if you are later on found not guilty, if the forfeiture proceedings are, and have taken, have been filed and gone through, I don't think the forfeiture proceedings can have a direct effect on whether they pled guilty or not. And it's certainly not an issue. They wouldn't even talk to the sex attorney who pled guilty to it? Their land is going to? Again, I don't think that issue is really in front of this court, nor was it raised below by anyone, and I also think that whether or not forfeiture proceedings are filed has nothing to do with the criminal case. Thank you, Shane, and you'll have an opportunity for rebuttal. Mr. Hertz? Mr. Hertz? May it please the court, counsel, my name is Mike Hertz, and I, along with Joe Luto, represent Diego Myers, the owners of the Central Story House. This is a case about statutory construction and legislative intent. The state has urged the court to misconstrue the Cannabis Control Act in a manner completely inconsistent with the apparent and the express intent of the Illinois legislature, and in so doing to take from the Diego Myers their home and their 20 acres. It's important to consider how this case was argued and decided at trial. Judge Aguirre was asked by the state to determine whether real estate was included within the definition of things of value, as that term is used in Section 12A of the Cannabis Control Act. He correctly concluded that it was not, and that the Diego Myers home was not forfeitable. He made this determination by interpreting the law that was in existence at the time of Diego Myers' arrests, the time of their pleas, sentencings, and the law that was in effect at the time these forfeiture proceedings were instituted. There are potentially several layers to this analysis, all of which lead one to conclude that things of value, as that term is used in the Cannabis Control Act, does not include real estate. The first layer involves simply reading the Cannabis Control Act on its face. Section 12A of the Cannabis Control Act includes several number of paragraphs under the heading, the following are subject to forfeiture. Number one, substances containing cannabis. Number two, raw materials, products, and equipment. Number three, aircraft, vehicles, vessels. Number four, money, things of value, books, records, research products and materials, including formulas, microfilm, tapes, and data. Number five, items or money furnished in exchange for a substance containing cannabis. So we need to back up to number four. It is within this series of widgets, money, things of value, books, records, research products, and materials, including formulas, microfilm, tapes, and data, that the state would have you believe appears the operative yet camouflaged provision for forfeiting someone's home. Under the term things of value, they're essentially urging you to construe things of value to mean anything of value. Of course, this is not what the legislature intended. If things of value literally meant anything of value, the remaining provisions of Section 12A would be meaningless and superfluous. Is it reasonable to conclude that the legislature would go to the trouble of saying you can take someone's airplane, their car, their boat, their books, their tapes and their data, but to not give a specific provision saying that you can take their house? Of course that's not reasonable. And to the extent that things of value might in some other context be construed to include real estate, this is a forfeiture statute. It must be strictly construed in favor of the property owner. Real estate is simply not listed in the prior version of the statute. Things of value most likely means some kind of discrete items of personality or records, similar to the items listed in subparagraph 4. It does not, within the context of subparagraph 4 or Section 12A as a whole, include real estate. This is where Judge Aguirre made his decision. He read through this list, saw the context in which this term was used, and concluded rather easily and quickly that things of value does not include real estate. The State has cited some cases in their brief, and they've referred to them today, saying that courts have interpreted things of value to include real estate. Not in this context, courts have. In fact, the Exelon case that cites Perry is cited for the proposition that electricity is a thing of value. Taking that quote from Perry, none of the cases deal with the Cannabis Control Act. If you'd like to see more to clarify this point, there are additional layers to the analysis. The second layer involves reading the Cannabis Control Act in pari materia with the Controlled Substances Act. Now, we're not claiming that this is one law. The document in pari materia says that you have two statutes that deal with the same subject matter, which these do, that you read them together. You read them together. They're not the same statute. To give harmonious effect to both of them. These statutes were passed at the same time on the same day in 1971 in consecutive public acts. In 1990, a lot happens. There's a bill in the legislature that does several things. It amends both the Controlled Substances Act and the Cannabis Control Act. The same bill does both of these. Real estate is added to Section 505A of the Controlled Substances Act in 1990. It's not added to Section 12A of the Cannabis Control Act, even though the legislature amended other parts of that same section in that same bill. That's when they added the fifth category, which was you can take items or money furnished in exchange for a substance-containing cannabis. So they're making amendments to 12A in 1990, and they're not putting real estate in when they're putting it into the Controlled Substances Act. Let me ask you a question here. Let's take waiver out. Let's say the state has not waived it when they said they were proceeding under the old act. Yes, sir. The 2006 statute talks about any real property returned to the seizing agency. And my response to that is this, Your Honor. That was added also in 1990. It was in the statute in 2006. Correct. It's first put in the statute in 1990 as part of all these amendments that take place. And I will get to the legislative history here in just a minute. But what Senator Dunn says is we had this. We had this in the Cannabis Control Act. And we had a conference committee report because we were getting objections from the realtors to including this in the Cannabis Control Act. So we took it out. So what do I think happened? I think they took it out over here in 12A, and they forgot to take it out over here. I mean, that's clearly what he says. Well, if they forgot, it's still in there. It's still in there. But I think we've briefed that, you know, there's an obvious mistake that goes against the legislative intent that the court has the ability to disregard that obvious mistake. In 2008, real estate was added for the first time to the Cannabis Control Act in Section A6. The manner in which these statutes were amended in 1990 and in 2008 indicate that the legislature did not intend to forfeit real estate under the Cannabis Control Act until October 3, 2008. But if you'd like to see even more evidence of what the legislature intended, let's look at what they said. As you know, the cardinal rule of statutory interpretation is to ascertain and give effect to the intent of the legislature. Now, we're not sure if this is rare, but in this case, we have the legislative intent bookended. We have what the legislators said in 1990 when they were amending these laws and in 2008 when they added real estate for the first time. In 1990, Senator Dunn, who was the sponsor of the bill, said on the floor of the Senate right before its passage that we had real estate in the Cannabis Control Act. We were going to put that in just like we did in the controlled substances, and we took it out. And by the way, according to Senator Dunn, this was agreed to by the state's attorneys, the appellate prosecutor's office, and other government entities. Fast forward to 2007 is when our clients are charged with their offenses. Middle of 2008 is when our clients plead guilty and are sentenced. Our client, Mr. Eggemeier, served a four-year sentence in prison, by the way. It's before that. That happens in mid-2008, and then in October of 2008, you have Representative Malauulu saying this is the first time that we're going to seize and forfeit real estate for marijuana. Nobody corrects him on the floor of the House. I'm not sure if he was the sponsor or not, but he makes that statement on the floor before the bill is passed. So we're very fortunate to know exactly what the legislature intended when they started and what they intended when they ended this process. Very simply, they did not intend to forfeit real estate until October 3, 2008. Now, the state proceeded under the theory that real estate was things of value at trial and lost. Now the state is trying to rewrite the history of the law and rewrite the history of its own positions in this case and urge the court to apply the new law on a retroactive basis. They're trying to essentially change courses, not in the middle of the race, but after the race has been run. Fortunately, Illinois has a law in the statute on statutes which tells us when and how you can apply a law on a retroactive basis. It's been interpreted as recently as 2009 in the case of Doe versus Diocese of Dallas by the Illinois Supreme Court. In that case, the court held that the statute on statutes provides, and I'm quoting, a clear legislative directive as to the temporal reach of statutory amendments and repeals when none is otherwise specified. Those that are procedural may be applied retroactively. Those that are substantive may not. They continue and say this principle applies to civil as well as criminal cases. They continue, the court must consider whether retroactive application of a new statute will impair rights a party possessed while acting or increases a party's liability for their past conduct. If retroactive application of the new law has inequitable consequences, the court says, the court will presume that the statute does not govern, absent a clear legislative intent favoring such a result. So the court must answer two questions on this issue. Number one, is the amendment procedural or substantive? Substance being, what is forfeitable? Procedure being, how do you take it? Number two, if it is substantive, is there a clear legislative intent that the statute be applied retroactively? The amendment is substantive. It adds real estate for the first time in the list of items in Section 12A. Under the heading, the following are subject to forfeiture. This pertains directly to the substance of what you can take, what you can forfeit, rather than how you do it. It is located within the provisions of the Cannabis Control Act, which are found under the criminal offenses in Chapter 720 of the Illinois Compiled Statutes, which include substantive criminal offenses. It is not located within the procedural act of the Drug Asset Forfeiture Procedure Act, which is in Chapter 725 under procedure, under criminal procedure. The amendment is substantive. Second, there is no legislative directive that the statute be applied retroactively. I'm sure the state's going to get up here and say, well, there is something in the Drug Asset Forfeiture Procedure Act that says you're supposed to interpret this the way that the federal courts interpret the federal laws, and that we're supposed to glean from that that that's some indication that the Cannabis Act, the substantive act, is to be applied retroactively. This 2008 amendment simply says this amendment takes effect upon becoming law. Now, we know how the legislature tells us when they want to apply something retroactively. We can look at when they amended the sex offender registration law in 2007 to apply that act to juvenile delinquents. They had a statement in that amendment that says, quote, this section applies retroactively. There is no such statement. There is no clear statement in this 2008 amendment. And again, this is a forfeiture statute. Again, it must be strictly construed in favor of the property owner. This court has had occasion to consider retroactive application to amendments to the Cannabis Control Act. In 1978, in the case of People v. Ford, this district court found that it would be improper on a retroactive basis to impose a $300 fine against a defendant. This case involves the potential of taking someone's home. In closing, we urge the court to not apply the 2008 amendment retroactively to the Egemeyers. Doing so is improper under the statute of statutes and would result in inequitable consequences and affect the Egemeyers' vested property rights. This is exactly what the Supreme Court in Doe warned us against. We also urge the court to determine, as the lower court did, that things of value does not mean anything of value and therefore does not include real estate. We urge you to affirm. I'd be happy to answer any further questions that you might have. Thank you, counsel. Ms. Shanahan? Despite their attempt to rely on the doctrine of impaired materia in two completely different statutes, that being the Cannabis Control Act and the Controlled Substances Act, defendants ask this court to completely overlook a section of the specific statute in question, that is forfeiture of property under the Cannabis Control Act, which has existed since 1991 and which specifically refers to assets accrued after forfeiture of real property. And he says, oh, they forgot. They put it in in 1991, but they forgot it. In their brief, they even say, heck, it's in the middle of a long paragraph. Is the state arguing the infallibility of the Illinois General Assembly? I am arguing that a section of the statute which has existed for 20 years to say that the legislature and every attorney and every judge that dealt with this statute, a statute that's used a lot. However, no judge has interpreted the statute in that 20 years the way. We don't know that. No appellate. There's no reported appellate court decision. That's a very different question, though. To say that no trial court ever dealt with it and to say that no appellate court ever dealt with it is not true. I mean, I can't cite to you the unreported decision, but I know that the issue was raised there, and I know that this court dealt with it, so you can't. And that's just one case. We don't know whether this issue has been raised before. We do know that no appellate court has issued a published opinion on it. And we do know that this section dealing with distribution of the money after the sale of real property has existed for 20 years. And to say that they just this isn't a matter of. Well, are we barred from thinking, you know, maybe they did make a mistake and left something in after they took out. Well, I think you would need more evidence than what you have here to reach that conclusion, because it's one thing. I mean, the cases the defendant cites in his brief that says, oh, you can take words out, those are cases where Gage versus City of Chicago, there was a title in there, and it said they were talking about notice that needs to be given. And they gave several things that had to be in the notice, and then it went on to say that if upon such hearing the board shall deem such improvements desirable, it shall adopt a resolution, therefore, and prepare and submit an ordinance, therefore, as hereinafter provided. They said that word that didn't belong in there. It was put in there. And right away they say that doesn't make sense. They put something in that didn't make sense. It doesn't make sense to distribute proceeds of real estate if there's no provision to forfeit it. But there is provision to forfeit it. I mean, we. So, I mean, you know, it's got to be. Both sides want us to stretch this one way or another, but it has to be stretched either way. But clearly there's forfeiture allowed. There's no doubt about it. So what would this language, again, mean from these representatives for the first time? Now we can forfeit real estate. Obviously they made a mistake in not taking that out. And that's some indication, isn't it? You've got, in 2008, Representative Malauulu, when this bill is called, he says it was Susan Mendoza's bill. And I guess she's not here today or whatever. What does that have to do with anything? Well, what that's exactly. What does that have to do with it is that we don't have any idea what anybody other than one legislator. There's a second one, Dunn. Can't forfeit real estate. Dunn was 20 years earlier. And again, I found nothing in there to indicate that Mr. Dunn was the sponsor of this bill. I think if you look at the cases that the state has cited to you, I find it interesting that on one hand the defendants say this statute is as clear as can be. But then they say, but let's go look at what the legislators say. I just recently read, I wish I had it in front of me, but not that it would be. Justice Scalia says that legislative history is the last remaining great legal fiction. So, I mean, to say that what one legislator says is controlling of an entire bill that spent months being passed, I think is wrong. Thank you, Ms. Shaffer. I want to thank both of you for these arguments. It's an interesting case. We'll take it under advisement to issue an opinion and for a disposition as soon as possible. Thank you.